IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 6 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02876-BNB

RUSSELL E. GREEN,

    Plaintiff,

v.

COUNTY COURT OF CITY AND COUNTY OF DENVER,
HONORABLE HERBERT GALCHINSKY, and
CITY AND COUNTY OF DENVER,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Russell E. Green, initiated this action by filing *pro se* a complaint. On January 3, 2011, Mr. Green filed an amended complaint. The Court must construe the amended complaint liberally because Mr. Green is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the amended complaint and the action for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine.

Mr. Green's claims in this action arise out of a lawsuit filed in the Denver County Court. He alleges that, after obtaining a default judgment, Defendant Judge Herbert Galchinsky set aside the judgment and acted in a biased manner during the course of

the Denver County Court proceedings. Mr. Green apparently also alleges that he was prevented from appealing to the Denver District Court after losing at trial. He alleged in his original complaint that his appeal was dismissed. Mr. Green specifically claims in this action that his Fourteenth Amendment rights were violated during the course of the Denver County Court litigation and that he suffered emotional distress as a result of the way he was treated during the Denver County Court proceedings. He seeks damages as relief.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. *See* ***McAlester v. United Air Lines, Inc.***, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." ***United States v. Bustillos***, 31 F.3d 931, 933 (10th Cir. 1994).

The Court lacks subject matter jurisdiction over Mr. Green's claims in the amended complaint because he is asking the Court to review the Denver County Court proceedings. The ***Rooker-Feldman*** doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See* ***District of Columbia Court of Appeals v. Feldman***, 460 U.S. 462, 486 (1983); ***Rooker v. Fidelity Trust Co.***, 263 U.S. 413, 415-16 (1923). The ***Rooker-Feldman*** doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district

court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court in accordance with 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments, but also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

Although Mr. Green seeks only damages in this action, the Court finds that his claims for damages are inextricably intertwined with the state court judgment because

in order for Mr. Green to prevail in this action the Court would be required to review and reject the state court judgment. Therefore, the Court finds that the amended complaint must be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986). Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this 26th day of January, 2011.

BY THE COURT:

*Zita Leeson Weinshienk*
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02876-BNB

Russell E. Green
6940 E. 4th Ave.
Denver, CO 80220

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on January 26, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk